IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HARMONY GLASS, INC., <br><br> Defendant. | Case No. 23-CV-00183-SPM |

# DEFAULT JUDGMENT

This civil case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002–1193c ("ERISA"). Plaintiffs Painters District Council #58 401(k) Trust Fund, Painters District Council #58, and the Illinois State Painters Health & Welfare Fund filed their Complaint against Defendant Harmony Glass, Inc., alleging that Defendant failed to make contractually required deductions from employee wages and remit those amounts to the Plaintiffs. (Doc. 1). After Defendant was served but failed to respond, Plaintiffs sought and obtained an entry of default from the Clerk of Court on August 24, 2023. (Docs. 8, 9). Subsequently, the International Painters and Allied Trades Industry Pension Fund moved to intervene, which the Court granted. (Docs. 13, 14).

On November 15, 2024, all Plaintiffs, including the Intervenor Plaintiff, moved the Court for a Default Judgment (Doc. 17). On December 11, 2025, the Court granted the motion in part, concluding that that Defendant failed to make monthly contributions as required by the labor agreement. (*See* Doc. 17). The Court granted

leave for the Plaintiffs to petition the Court for entry of Final Judgment in Sum Certain once "a sum certain is submitted for all contributions, payroll deductions, liquidated damages, interest, and audit fees owed." (*Id.*). Currently before the Court is Plaintiffs Motion for Final Default Judgment. (Doc. 29). For the reasons below, the Plaintiffs' Motion is **GRANTED** and Default Judgment is hereby **ENTERED**.

There are two stages to default. First, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55. Then, the Court may enter a default judgment for the amount due. *Id*. As noted *supra*, the Clerk of Court entered Defendant's default on August 24, 2023. (*See* Doc. 9). Plaintiffs have provided evidence showing that Defendant failed to make monthly contributions as required by the labor agreement and has provided damages of a sum certain. (*See* Doc. 29, Exs. A–K). It is therefore appropriate for the Court to enter a default judgment.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs have a judgment against Defendant Harmony Glass, Inc. in the total amount of $40,236.07, consisting of $19,666.11 in audit liability to Illinois State Painters Welfare Fund and Painters District Council #58 Fringe Benefit Funds; $4,685.54 in Working Dues to Painters District Council #58; $4,870.33 in Liquidated Damages to Illinois State Painters Welfare Fund and Painters District Council #58 Fringe Benefit Funds; $1,252.77 in audit costs to Plaintiff Illinois State Painters Welfare Fund; $1,252.78 in audit costs to Painters District Council #58 Fringe Benefit Funds;

$1,599.45[1] in audit costs to International Painters and Allied Trades Industry Pension Fund; $1,853.94 in attorneys' fees and costs to Illinois State Painters Welfare Fund; $1,970.94 in attorneys' fees and costs to Painters District Council #58 Fringe Benefit Funds; and $3,084.21 in attorneys' fees to International Painters and Allied Trades Industry Pension Fund.

Additionally, because the Plaintiffs have submitted the requisite information necessary to ascertain a sum certain, the Court's previous Order (Doc. 19) granting in part Plaintiffs' Motion for Default Judgment is hereby **VACATED**.

**IT IS SO ORDERED.**

**DATED:  February 25, 2026**

                                                                                                                  **s/ _Stephen P. McGlynn_**
                                                                                                                  **STEPHEN P. McGLYNN**
                                                                                                                  **U.S. District Judge**

---

[1] The Court notes that Plaintiffs requested two identical judgments for "audit costs" to the International Painters and Allied Trades Industry Pension Fund in the amount of $1,599.45. (Doc. 29, p. 5). Because the supporting documentation only identifies one sent of audit costs to the International Painters and Allied Trades Industry Pension Fund, (see Doc. 29, Exs. E, H), the Court assumes this duplicate request is a mere scrivener's error.